**E-filed 2/9/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| CORNELIUS LASHUN GREEN,<br><br>   Plaintiff,<br><br>   vs.<br><br>CONTRA COSTA COUNTY<br>DISTRICT ATTORNEY, et al.,<br><br>   Defendants. | No. C 06-5186 JF (PR)<br><br>ORDER OF DISMISSAL<br>WITH LEAVE TO AMEND |

Plaintiff, a state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Contra Costa County District Attorney's Office, Contra Costa County jail deputies, Contra Costa County Public Defenders, and officers of the Richmond Police Department. The Court will dismiss the complaint with leave to amend as it appears Plaintiff's claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994).

## DISCUSSION

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and

dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988). To state a claim a plaintiff must show a specific constitutional or federal guarantee safeguarding the interests that have been invaded. Paul v. Davis, 424 U.S. 693, 697 (1976).

B.   Plaintiff's Claims

Plaintiff filed a complaint alleging that Richmond Police Department Officers, his parole agents, and the Contra Costa County District Attorneys are involved in misconduct resulting in his arrest and incarceration. Based upon the allegations in the complaint, it appears Plaintiff's claims may be barred under Heck v. Humphrey, 512 U.S. 477 (1994). Heck held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [42 U.S.C.] § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87. When a prisoner seeks damages in a civil rights action, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Heck, 512 U.S. at 487.

If plaintiff wishes to challenge his conviction or sentence, a petition for writ of habeas corpus is the exclusive method by which he may challenge a state court conviction

1 in this court. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). Before he may file a
2 federal petition, however, plaintiff must exhaust state judicial remedies, either on direct
3 appeal or through collateral proceedings, by presenting the highest state court available
4 with a fair opportunity to rule on the merits of each and every issue he seeks to raise in
5 federal court. <u>See</u> 28 U.S.C. § 2254(b)(1)(A),(c); <u>Duckworth v. Serrano</u>, 454 U.S. 1, 3
6 (1981).

It is unclear from Plaintiff's allegations whether he is challenging his arrest and current incarceration based upon the Defendants' misconduct. Accordingly, the Court will DISMISS the instant complaint with leave to amend for Plaintiff to clarify his claims.

Plaintiff must allege facts supporting his claim against each Defendant separately in his amended complaint showing his entitlement to relief from each Defendant. Plaintiff should list the constitutional right he has, describe what the Defendants did or failed to do, and describe how each Defendant's acts or omissions caused him injury. Plaintiff must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to the defendants as a group, i.e., "the defendants;" rather, he should identify each involved Defendant by name and link each of them to a specific claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.

Therefore, the Court grants Plaintiff leave to file an amended complaint within **thirty days** of the date this order is filed to include sufficient facts to support his claims and the alleged constitutional violations he suffered.

## CONCLUSION

1. Plaintiff's complaint is hereby DISMISSED with leave to amend, as indicated above, within **thirty days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (06-5186 JF (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir.), <u>cert.</u>

1  denied, 113 S. Ct. 321 (1992).  Plaintiff may not incorporate material from the original
2  complaint by reference.  Plaintiff must include all documentation and supporting
3  information regarding his claims with the amended complaint.  **Failure to amend within**
4  **the designated time will result in the Court dismissing the instant complaint without**
5  **prejudice based upon Heck v. Humphrey, 512 U.S. 477 (1994).**
6        2.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the
7  Court informed of any change of address by filing a separate paper with the Clerk headed
8  "Notice of Change of Address."  He must comply with the Court's orders in a timely
9  fashion or ask for an extension of time to do so.  Failure to comply may result in the
10 dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).
11       IT IS SO ORDERED.
12 DATED: __2/9/07_____
13                                   JEREMY FOGEL
                                  United States District Judge

1 | A copy of this ruling was mailed to the following:

Cornelius Lashun Green
J-38916
San Quentin State Prison
San Quentin, CA  94974

Order of Dismissal with Leave to Amend
P:\pro-se\sj.jf\cr.06\Green186dwlta                 5